NOT FOR PUBLICATION

UNITED STATES DISTRICT COURT
DISTRICT OF NEW JERSEY

|  |  |
|---|---|
| SERGE DASQUE, | : |
| Plaintiff, | : |
|  | : Civil No. 02-5895 (AET) |
| v. | : |
|  | : MEMORANDUM & ORDER |
| NORDSTROM, INC., | : |
| Defendant. | : |

THOMPSON, U.S.D.J.

This matter is before the Court on Defendant's Motion for Summary Judgment [33-1]; Defendant's Motion to Dismiss and Strike the Amended Complaint [41-1]; Plaintiff's Motion Opposing Defendant's Motion to Dismiss and Strike the Amended Complaint [43-1]; and Defendant's Motion to Strike Plaintiff's Opposition to Defendant's Partial Reply to Plaintiff's Opposition to Summary Judgment [44-1].  The Court has decided these motions after considering the parties' written submissions and without oral argument pursuant to Fed. R. Civ. P. 78.  For the following reasons, Defendant's motions are granted and Plaintiff's motion is denied.

BACKGROUND

Plaintiff, a black Haitian male, brings this pro se action under Title VII of the Civil Rights Act of 1964, 42 U.S.C. § 2000e et seq., for employment discrimination.  Plaintiff's December 13, 2002 Complaint alleges that his former employer, Nordstrom, Inc. ("Nordstrom"), discriminated against him based on his race, sex, and national origin by failing to promote him, by favoring other employees with regard to scheduling and other matters, by limiting his telephone

communications with his supervisor, and by ultimately terminating him. On September 15, 2004, Plaintiff filed an Amended Complaint without leave of Court which added claims of disability discrimination, retaliation, hostile work environment, defamation of character, obstruction of justice, violation of human rights, and conspiracy.

## DISCUSSION

I.   Motion to Strike or Dismiss the Amended Complaint

Defendant first moves to dismiss or strike Plaintiff's Amended Complaint, arguing that Plaintiff improperly amended his claims without leave of the Court in violation of Fed. R. Civ. P. 15.[1] Defendant answered the Complaint on March 15, 2004, and Plaintiff was required to obtain leave of the court or Defendant's written consent in order to amend. Plaintiff did not seek leave of the Court to amend and did not obtain consent of his adversary, who advised Plaintiff that it needed a copy of his proposed amendments before it decided whether to grant consent. Further, Plaintiff did not serve the Amended Complaint on Defendant, as required by Fed. R. Civ. P. 5. For these reasons, the Amended Complaint will be struck.

Even if the Court were to consider Plaintiff's opposition to Defendant's motion to dismiss or strike as a motion to amend, it appears as if such a motion would be denied as futile. See Foman v. Davis, 371 U.S. 178, 182 (1962). In other words, it appears that the amendments

---

[1] Federal Rule of Civil Procedure 15(a) states:

A party may amend the party's pleading once as a matter of course at any time before a responsive pleading is served or, if the pleading is one to which no responsive pleading is permitted and the action has not been placed upon the trial calendar, the party may so amend it at any time within 20 days after it is served. Otherwise a party may amend the party's pleading only by leave of court or by written consent of the adverse party; and leave shall be freely given when justice so requires.

would not be able to withstand a motion to dismiss.  Alvin v. Suzuki, 227 F.3d 107, 121 (3d Cir. 2000).

Plaintiff's new claims of disability discrimination, retaliation, and hostile work environment cannot stand, as Plaintiff has not exhausted his administrative remedies by filing a charge with the Equal Employment Opportunity Commission or state or local agency, see 42 U.S.C. § 2000e-5; 42 U.S.C. § 12117; see also Churchill v. Star Enterprises, 183 F.3d 184, 190 (3d Cir.1999); Antol v. Perry, 82 F.3d 1291, 1295 (3d Cir. 1996), and has not demonstrated an equitable basis for modifying this requirement, see Bowen v. City of New York, 476 U.S. 467, 482 (1986); Waiters v. Parsons, 729 F.2d 233, 236 (3d Cir. 1984) (per curiam).  Even accepting as true Plaintiff's allegation that an EEOC investigator misled him about the requirements and procedures involved with filing an EEOC complaint, this "does not rise to the level of being prevented in an 'extraordinary way' by the EEOC from asserting his rights."  See Robinson v. Dalton, 107 F.3d 1018, 1023 (3d Cir. 1997).  Thus, equitable tolling is not justified in this case. Although the facts supporting the three new claims occurred before Plaintiff filed his initial Complaint with the EEOC, Plaintiff did not raise these claims until after the EEOC made its determination, did not attempt to amend his complaint to include these claims, and did not make any additional inquiries or attempt to investigate the appropriate procedures for raising these claims after he was allegedly misled by one EEOC employee.[2]

Further, although "[a] victim of discrimination is not required to exhaust administrative

---

[2] For similar reasons, there is no basis to toll the expired limitations period for Plaintiff's medical discrimination, retaliation, and hostile work environment claims under state law.  See, e.g., Freeman v. State of New Jersey, 347 N.J. Super. 11, 22 (2002).

remedies with respect to a claim concerning an incident which falls within the scope of a prior EEOC complaint or the investigation which arose out of it," Waiters, 729 F.2d at 235, Plaintiff's original factual allegations cannot fairly be said to encompass a claim for retaliation, hostile environment,[3] or disability discrimination, and an investigation of those facts would not have yielded evidence of any such claims.  Therefore, even if Plaintiff's Amended Complaint was not struck, the Court would deny his attempt to add claims of disability discrimination, retaliaton, and hostile work environment as futile.

Similarly, the Court would deny as futile Plaintiff's attempt to add claims of defamation of character, conspiracy, obstruction of justice, violation of human rights, and unfair treatment. There are no private rights of action that would allow Plaintiff to proceed with a civil claim based on obstruction of justice, violation of human rights, and unfair treatment outside of the claims he has pled elsewhere in his Complaint.  Cf. 29 U.S.C. § 160; 18 U.S.C. §§ 241, 242, 1503, and 2516.  As to conspiracy, employees of a corporation acting within the scope of their

---

[3] Even assuming arguendo that Plaintiff's EEOC charge implicitly raised a hostile work environment claim when he noted that, during the entire term of his employment, he has "only known nightmares, misery tortures and psychological trauma from a bunch of racists, liars, crooks and violators of Human Rights," the Court would grant summary judgment in Defendant's favor on such a claim.  In order to establish a hostile work environment claim, a plaintiff must show that:

> (1) he suffered intentional discrimination because of his [race, sex or national origin]; (2) the discrimination was pervasive and regular; (3) it would have detrimentally affected a reasonable person of the same protected class in his position; and (5) there is a basis for vicarious liability.

Cardenas v. Massey, 269 F.3d 251, 260 (3d Cir. 2001).  Plaintiff has, at the very least, failed to show that any alleged acts of discrimination were pervasive and regular or that any alleged acts would have so affected a reasonable person in Plaintiff's class as to constitute an alteration in the terms and conditions of employment.

employment cannot conspire with a corporation or with each other, as they are all considered one entity. Sunkett v. Misci, 183 F. Supp. 2d 691, 722 (D.N.J. 2002). Further, both Plaintiff's conspiracy claim and defamation claim are barred by the statute of limitations, should not be equitably tolled, and do not constitute a "continuing violation" that is within the limitations period. See N.J.S.A. § 2a:14-3.1; Montells v. Haynes, 133 N.J. 282, 286 (1993).

II.     Motion for Summary Judgment[4]

Defendant also moves for summary judgment on Plaintiff's discrimination claims in his original Complaint: failure to promote, favoring other employees, limiting telephone access to supervisor Joseph Dubina, and termination. Plaintiff did not oppose Defendant's motion with regard to the failure to promote claim, and the Court will grant Defendant's motion to dismiss the failure to promote claim for this reason.[5] The Court turns to the remaining three allegations.

A party seeking summary judgment must "show that there is no genuine issue as to any material fact and the moving party is entitled to judgment as a matter of law." Fed. R. Civ. P. 56; Celotex Corp. v. Catrett, 477 U.S. 317, 322 (1986); Orson, Inc. v. Miramax Film Corp., 79 F.3d 1358, 1366 (3d Cir. 1996). Summary judgment is to be granted against the non-moving party when that party has failed to make a sufficient showing, after discovery, establishing an element of his claim that is essential to his case, and on which the non-moving party will bear the burden

---

[4] Plaintiff filed a surreply brief with regard to Defendant's summary judgment motion without permission of the Court, and has not exhibited good cause for this Court to allow a surreply. For this reason, Defendant's motion to strike the surreply will be granted. However, the Court notes that the information contained in the surreply would not change any of its analysis in this Opinion.

[5] In the alternative, Plaintiff's failure to promote claim fails because Plaintiff never applied for a promotion or told anyone at Nordstrom that he wanted a promotion. See Foster v. Arcata Assoc. Inc., 772 F.2d 1453, 1463 (9th Cir. 1985).

of proof at trial.  Celotex, 477 U.S. at 322.  In reviewing motions for summary judgment, the evidence is viewed in a light most favorable to the non-moving party.  InterVest, Inc. v. Bloomberg, L.P., 340 F.3d 144, 159-60 (3d Cir. 2003).

     A motion for summary judgment is designed to go beyond the pleadings.  Celotex, 477 U.S. at 322.  Consequently, to defeat a motion for summary judgment, a party must do more than restate the initial allegations of the Complaint, or provide unsupported conclusions of fact.  Id.  A non-moving party must point to concrete evidence in the record which supports each element of the claim.  Id.  Failure of the non-moving party to provide such evidence entitles the moving party to judgment as a matter of law.  Fed. R. Civ. P. 56.  Finally, because Plaintiff is a pro se litigant, his papers are liberally construed to ensure a fair opportunity to be heard.  See Haines v. Kerner, 404 U.S. 519, 520-21 (1972).

     A plaintiff can demonstrate employment discrimination under either the direct evidence test, Price Waterhouse v. Hopkins, 490 U.S. 228, 261 (1989) (O'Connor, J., concurring); Connors v. Chrysler Financial Corp., 160 F.3d 971, 976 (3d Cir. 1998), or the indirect evidence test, McDonnell Douglas Corp. v. Green, 411 U.S. 792, 802 (1973).  Under the direct evidence method, the plaintiff faces a high hurdle, Connors, 160 F.3d at 976, and must "produce evidence sufficient to show that an illegitimate criterion was a substantial factor in the particular employment decision such that a reasonable factfinder could draw an inference that the decision was made 'because of' the plaintiff's protected status," Price Waterhouse, 490 U.S. at 278.  If the plaintiff overcomes this hurdle, the employer must then "demonstrate by a preponderance of the evidence that it would have reached the same decision . . . absent consideration" of the protected status.  Id. at 261.  Neither "stray remarks in the workplace . . . statements by nondecisionmakers,

[n]or statements by decisionmakers unrelated to the decisional process itself, suffice to satisfy the plaintiff's burden in this regard." Id. at 277.

In the present case Dasque is unable to meet the high burden of the direct evidence analysis. Dasque proffers statements allegedly made by his supervisor Joseph Dubina to show direct evidence: Dubina's use of the term "sixteen and a helfs" to mimic Plaintiff's accent and Dubina's insistence that Plaintiff say "okay boss I will do it" in response to Dubina's requests. Plaintiff also relays two instances where personnel told him they could not understand his accent.

At the outset, it is not clear that the Court should consider these statements in evaluating summary judgment, as they contradict prior sworn testimony by Plaintiff that he never directly witnessed any comments made by supervisors or human resources personnel that indicated they were biased against Blacks, men, or Haitians. (Dasque Dep. at 96-98). Under the "sham affidavit" doctrine, "a party may not create a material issue of fact to defeat summary judgment by filing an affidavit disputing his or her own sworn testimony without demonstrating a plausible explanation for the conflict." Hackman v. Valley Fair, 932 F.2d 239, 241 (3d Cir.1991). Plaintiff's explanation for the conflict, that the deposition transcript was falsified, is implausible and does not specifically dispute the portions of the transcript which are relevant to this summary judgment motion. This explanation is insufficient to contradict his sworn testimony. For this reason, the Court will disregard the inconsistent allegations. However, even if the Court were to consider these statements, it appears as if they are not sufficient to show that an illegitimate criterion was a substantial factor in the adverse employment actions taken against Plaintiff, but instead constitute stray remarks that were unrelated to and temporally remote from the decisional process. See Price Waterhouse, 490 U.S. at 277

If a plaintiff is instead relying on indirect evidence, he must first prove a prima facie case of discrimination. See McDonnell Douglas, 411 U.S. at 802. Once this initial showing has been made, the burden shifts to the defendant to articulate a legitimate, nondiscriminatory reason for its employment decision. See id. If the defendant provides a non-discriminatory reason for its decision, the burden shifts back to the plaintiff who then must discredit the defendant's proffered reason for the termination. See id.

To establish a prima facie case, a plaintiff must prove that: (1) he belonged to a protected class, (2) he was qualified to continue working in his position, (3) he was discharged from the position or suffered adverse employment consequences; and (4) similarly situated non-members of the protected class were treated more favorably. See id.; see also St. Mary's Honor Center v. Hicks, 509 U.S. 502, 506 (1993); Abramson v. William Paterson Coll. of N.J., 260 F.3d 265, 281-82 (3d Cir. 2001); Ezold v. Wolf, Block, Schorr & Solis-Cohen, 983 F.2d 509, 522 (3d Cir. 1992). The defendant is entitled to summary judgment if the plaintiff is unable to establish a genuine issue of material fact concerning at least one element of the prima facie case. Krouse v. Am. Sterilizer Co., 126 F.3d 494, 501 (3d Cir. 1997). The plaintiff's task in establishing a prima facie case, however, is not intended to be onerous. See, e.g., Sempier v. Johnson & Higgins, 45 F.3d 724, 728 (3d Cir. 1995).

In the present case, Plaintiff argues the Defendant discriminated against him by (1) not allowing him to be in a departmental photograph, (2) by taking longer to give him business cards than another employee, (3) by refusing to give him New Year's Day off while allowing another employee to take the day off, (4) by prohibiting him from calling supervisor Joseph Dubina at home unless it was an emergency, and (5) by ultimately terminating him. As to the first two of

these allegations, Plaintiff has not established that a delay in obtaining business cards or not taking part in an office photograph are adverse employment actions.  See Robinson v. City of Pittsburgh, 120 F.3d 1286, 1299-1300 (3d Cir. 1997).  As to the third allegation, Defendant has provided undisputed evidence that it tried to accommodate both Dasque and the other employee with regard to working on New Year's day, but still expected both employees to work at least some of their hours on that day.

Defendant argues that Plaintiff's fourth and fifth claims fail because (1) he cannot establish his prima facie case, namely, he cannot show that he continued to meet the job requirements or that similarly situated non-members of the protected class were treated more favorably; and (2) even if he could establish a prima facie case, Plaintiff cannot establish that Defendant's explanation for the adverse employment actions was pretextual.  The Court shall take each of those bases for summary judgment in turn.

Defendant first argues that Plaintiff cannot establish a prima facie case because there were no other employees who failed to comply with Defendant's policies and procedures to the extent that Plaintiff did.  The decision to prohibit Plaintiff from calling his supervisor at home except in cases of emergency was made because Plaintiff called Defendant at home one to two times a week.  Plaintiff does not dispute Defendant's contention that no other employee called Mr. Dubina as frequently to discuss routine matters.  Because Plaintiff cannot show that Defendant treated similarly situated non-members of the protected class more favorably with regard to telephoning Dubina, Plaintiff cannot establish the first prong of his prima facie case on this allegation.

Plaintiff's ultimate termination was based on a failure to comply with Defendant's anti-

9

harassment policy, which states that employees must treat one another with respect and refrain from hostile, disrespectful, and intimidating conduct. Despite these explicit qualification requirements, only objective qualifications such as experience and education are considered at the prima facie stage. Sempier, 45 F.3d at 729. The question of whether an employee possesses a subjective quality, such as compliance with the anti-harassment policy, is better left to a consideration of whether the employer's nondiscriminatory reason for discharge is a pretext. See Weldon v. Kraft, Inc., 896 F.2d 793, 798-99 (3d Cir. 1990); see also Fowle v. C & C Cola, 868 F.2d 59, 64-65 (3d Cir. 1989) (noting that subjective evaluations "are more susceptible of abuse and more likely to mask pretext").

The fact that compliance with the anti-harassment policy is a subjective judgment also affects the Court's analysis of whether similarly situated non-members of the protected class were treated more favorably. To be considered similarly situated, the individual with whom the Plaintiff seeks to be compared must have "engaged in the same conduct without such differentiating or mitigating circumstances that would distinguish their conduct or the employer's treatment of them for it." Anderson v. Haverford College, 868 F. Supp. 741, 745 (E.D. Pa. 1994) (quoting Mitchell v. Toledo Hosp., 964 F.2d 577, 583 (6th Cir. 1992)). Although Plaintiff provides examples of incidents involving several other co-workers to show that other violations of the anti-harassment policy were overlooked, it is difficult for the Court to judge whether these employees were similarly situated by weighing the quantitative number and qualitative severity of such violations. For this reason, and because the Third Circuit has held that it is not necessary to prove the fourth prong in order to sustain a prima facie case of discrimination under Title VII,

Pivirotto v. Innovative Sys., Inc., 191 F.3d 344, 354 (3d Cir. 1999),[6] the Court will turn to a consideration of his subjective qualifications in the context of the pretext analysis.

Because Defendant has produced a legitimate, nondiscriminatory reason for its action,[7] repeated violations of the anti-harassment policy, Plaintiff must satisfy the pretext stage. At this final step of the McDonnell Douglas analysis, the burden shifts back to the plaintiff to produce "sufficient evidence from which a jury could conclude that the purported reasons for [a] defendant's adverse employment actions were in actuality a pretext for intentional . . . discrimination." Jones v. Sch. Dist. of Phila., 198 F.3d 403, 412 (3d Cir. 1999). A plaintiff arguing pretext may defeat a motion for summary judgment by pointing:

> to some evidence, direct or circumstantial, from which a factfinder could reasonably either: (1) disbelieve the employer's articulated legitimate reasons; or (2) believe that [an] invidious discriminatory reason was more likely than not a motivating or determinative cause of the employer's action.

---

[6] The Third Circuit Pivirotto dealt with gender discrimination under Title VII. The court held that

> [t]he fact that a female plaintiff claiming gender discrimination was replaced by another woman . . . . does not, as a matter of law or logic, foreclose the plaintiff from proving that the employer was motivated by her gender (or other protected characteristic) when it discharged her.

Id.

[7] A defendant's burden at stage two is relatively light; it is satisfied if the defendant articulates any legitimate reason for the employment action, and the defendant need not prove that the articulated reason actually motivated that action. Woodson v. Scott Paper, 109 F.3d 913, 920 n.2 (3d Cir. 1997). Plaintiff fails to assert that Defendant has not met its burden to articulate a legitimate, nondiscriminatory reason for his termination. Defendant proffers that its action was justified because Plaintiff did not comply with Defendant's policies and procedures. This reason satisfies Defendant's burden under stage two. See Pepe v. Rival Co., 85 F. Supp. 2d 349, 377 (D.N.J. 1999), aff'd, 254 F.3d 1078 (3d Cir. 2001).

Fuentes v. Perskie, 32 F.3d 759, 764 (3d Cir. 1994) (citations omitted); see also Sheridan v. E.I. DuPont de Nemours & Co., 100 F.3d 1061, 1067 (3d Cir. 1996) (en banc).

Under the first prong, an employee may defeat a motion for summary judgment by discrediting the employer's proffered reasons, either directly or circumstantially. Fuentes, 32 F.3d at 764. To discredit the employer's proffered reason:

> [t]he plaintiff cannot simply show that the employer's decision was wrong or mistaken, since the factual dispute at issue is whether discriminatory animus motivated the employer. . . . [T]he nonmoving plaintiff must demonstrate such weaknesses, implausibilities, inconsistencies, incoherencies, or contradictions in the employer's proffered legitimate reasons for its actions that a reasonable factfinder could rationally find them unworthy of credence.

Id. at 765 (citations omitted). In other words, the plaintiff may survive summary judgment under the first prong by demonstrating, through admissible evidence, "not merely that the employer's proffered reason was wrong, but that it was so plainly wrong that it cannot have been the employer's real reason." Keller v. Orix Credit Alliance, Inc., 130 F.3d 1101, 1109 (3d Cir. 1997). This required demonstration "places a difficult burden on the plaintiff[.]" Fuentes, 32 F.3d at 765.

A plaintiff may also survive summary judgment under the second prong by "adducing evidence, whether circumstantial or direct, that discrimination was more likely than not a motivating or determinative cause of the adverse employment action." Id. at 764. To satisfy that element, for example:

> the plaintiff may show that the employer has previously discriminated against [him], that the employer has discriminated against other persons within the plaintiff's protected class or within another protected class, or that the employer has treated more favorably similarly situated persons not within the protected class.

12

Simpson v. Kay Jewelers, Div. of Sterling, Inc., 142 F.3d 639, 645 (3d Cir. 1998) (citing Fuentes, 32 F.3d at 765).

In this case, Plaintiff has failed to establish a pretext for discrimination under either prong of the applicable standard.  Defendant's reasons for terminating Plaintiff reflect Plaintiff's history of discourteous and unprofessional behavior.  The evidence clearly shows that Plaintiff was unable to meet the professional standards required for his position at Nordstrom.  Plaintiff had numerous confrontations with other employees during the course of his employment.  This Court determines that Plaintiff has failed to show that this justification for his termination "was so plainly wrong that it cannot have been the employer's real reason."  See Keller, 130 F.3d at 1109.

Plaintiff has also failed to show that discrimination was more likely than not a reason for termination.  Plaintiff has not shown, for example, that Defendant has discriminated against other members of his protected class.  Fuentes, 32 F.3d at 765.  Defendant moreover asserts that non-minority employees have previously been disciplined for violations of Nordstrom's anti-harassment policy.  Therefore, Plaintiff has failed to establish that Defendant's explanation for termination was pretextual and that discrimination was more likely than not the reason for his termination, and Defendant is entitled to summary judgment on Plaintiff's claims for sex, race, and national origin discrimination.

## CONCLUSION

For these reasons,

It is on this 1st day of June, 2005,

ORDERED that Defendant's Motion for Summary Judgment [33-1] is GRANTED; and it is further

13

ORDERED that Defendant's Motion to Dismiss and Strike the Amended Complaint [41-1] is GRANTED; and it is further

ORDERED that Plaintiff's Motion Opposing Defendant's Motion to Dismiss and Strike the Amended Complaint [43-1] is DENIED; and it is further

ORDERED that Defendant's Motion to Strike Plaintiff's Opposition to Defendant's Partial Reply to Plaintiff's Opposition to Summary Judgment [44-1] is GRANTED, and it is further.

ORDERED that this case is CLOSED.

s/Anne E. Thompson
_____
ANNE E. THOMPSON, U.S.D.J.